MITCHELL SILBERBERG & KNUPP LLP
EMMA LUEVANO (SBN 198421), eyl@msk.com
STEPHEN A. ROSSI (SBN 282205), sar@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
NBCUNIVERSAL MEDIA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT – SPRING STREET COURTHOUSE

| | |
|---|---|
| JAMES BO WILLIAMS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NBCUNIVERSAL MEDIA, LLC, a Delaware Limited Liability Company, and DOE 1 through and including DOE 10,<br><br>　　　　　Defendants. | CASE NO. 2:19-CV-08074<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S NOTICE OF REMOVAL**<br><br>(Removed from Los Angeles Superior Court Case No. 19STCV28243)<br><br>(Diversity Jurisdiction:<br>28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Emma Luevano, Gabriela Kornzweig, and Ted Ragsac, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1. and Local Rule 7.1-1, and Civil Cover Sheet filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

11407158.2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAMES BO WILLIAMS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the Complaint of Plaintiff James Bo Williams ("Plaintiff"), Defendant NBCUniversal Media, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332(a) and 1441. The removal of this action terminated all proceedings in the Los Angeles Superior Court. *See* 28 U.S.C. § 1446(d). Defendant's removal of this action is proper for the reasons set forth below.

1. On or about August 14, 2019, Plaintiff filed a Complaint entitled *James Bo Williams v. NBCUniversal Media LLC, and DOE 1 through and including DOE 10*, Case No. 19STCV28243, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Violation of Labor Code § 226(a), Failure to Provide Compliant Pay Stubs; (2) Violation of Labor Code §§ 510, 1194, 1197, 1198, Liquidated Damages re Failure to Pay Minimum Wage and/or Overtime; (3) Violation of Labor Code § 203, Continuing Wages; (4) Unfair Competition under Business and Professions Code §17200; and (5) California Labor Code § 2698 et seq., PAGA Civil Penalties.

3. <u>Copies of All Process, Pleadings and Orders:</u> Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind available to Defendant are attached here, as follows:

- **Exhibit 1:** Complaint filed by Plaintiff on August 14, 2019 and served on Defendant on August 19, 2019.

- **Exhibit 2:** Civil Case Cover Sheet filed by Plaintiff on August 14, 2019 and served on Defendant on August 19, 2019.

- **Exhibit 3**: Summons filed by Plaintiff on August 14, 2019 and served on Defendant on August 19, 2019.
- **Exhibit 4:** Notice of Case Assignment—Unlimited Civil Case filed on August 14, 2019 and served on Defendant on August 19, 2019.
- **Exhibit 5:** Minute Order (Court Order re Newly Filed Class Action) filed on August 28, 2019.
- **Exhibit 6:** Certificate of Mailing for ((Court Order re Newly Filed Class Action) of 8/28/2019, Initial Status Conference Order) filed on August 28, 2019.
- **Exhibit 7**: Initial Status Conference Order filed on August 28, 2019.

4. Defendant is informed and believes, and thereon alleges, that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Declaration of Emma Luevano, filed concurrently herewith ("Luevano Decl.") ¶ 9. Accordingly, this action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

## Removal Is Timely

5. This Notice of Removal is being filed within thirty (30) days after service of the Complaint (August 19, 2019) and, therefore, is timely pursuant to 28 U.S.C. Section 1446(b). *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48 (1999); *Harper v. Little Caesar Enterprises, Inc.*, Case No. 1801564, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

## Removal Pursuant to Diversity Jurisdiction

6. This Court has original jurisdiction of this action under 28 U.S.C. Section 1332. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below:

7. <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, *inter alia*, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

8. Plaintiff alleges that at all relevant times, including the date the State Court Action was filed, he was and is a resident of the State of California. *See* Complaint. ¶ 3.

9. Furthermore, Plaintiff worked at Defendant's Southern California location. Declaration of Ted Ragsac ("Ragsac Decl.") ¶ 5.

10. The most recent address in Plaintiff's employment file is in Saugus, California. *Id*. ¶ 6. Mr. Williams has listed that address in his employment records since at least January 17, 2018. *Id*. Mr. Williams possesses a California driver's license. *Id.*

11. Based on Plaintiff's stated residence and his employment at Defendant's Southern California location, Plaintiff is a citizen of California.

12. Moreover, Plaintiff filed the instant Complaint in the Superior Court of the State of California in Los Angeles County, further availing himself to California's judicial resources and indicating his intent to remain in California. *See* Complaint, *in passim*.

13. <u>Defendant's Citizenship</u>. A limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See*, *e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See*, *e.g.*, *Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation . . . but by citizenship of its owners and members.").

14. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

15. Defendant was at the time of filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Gabriela Kornzweig, filed concurrently herewith ("Kornzweig Decl.") ¶ 3. The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the State of Delaware. *Id.* ¶ 4.

16. The members of NBCUniversal, LLC are (i) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (iv) Comcast DW Holding, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (v) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (vi) Comcast Snap Holdings II, LLC, a limited

liability company organized under the laws of the state of Delaware; and (vii) SNL Entertainment Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. *Id.* ¶ 5.

17. Comcast Corporation is the operating entity for NBCUniversal Enterprise, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶¶ 6-7.

18. Comcast Corporation is the operating entity for (i) SNL Entertainment Holdings, Inc. and (ii) Comcast DW Holding, Inc., and all of their operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶ 8.

19. The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC, and (ii) Comcast Snap Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Comcast Corporation is the operating entity for Comcast Snap Holdings, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶ 9.

20. The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. *Id.* ¶ 10.

21. The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability

company organized under the laws of the state of Delaware; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, Inc., a Delaware corporation, with its principal place of business in Philadelphia, Pennsylvania. *Id.* ¶ 11.

22. Comcast Corporation is the operating entity for E! Holdings, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶¶ 12, 6-7.

23. The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. *Id.* ¶ 13.

24. Comcast Corporation is the operating entity for Comcast SportsNet NE Holdings, Inc., and all of its operational, executive, administrative and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶¶ 14, 6-7.

25. The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania; and (ii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. *Id.* ¶ 15.

26. Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *Id.* ¶¶ 16, 6-7.

27. The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, Inc. *Id.* ¶17.

28. The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. *Id.* ¶ 18.

29. The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. *Id.* ¶ 19.

30. The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. *Id.* ¶ 20.

31. Accordingly, for purposes of determining diversity, Defendant, whose members are organized under the laws of Delaware or Pennsylvania, is regarded as a citizen of Delaware and Pennsylvania.

32. The fictitious defendants named in the Complaint as DOES 1-10 are disregarded for the purposes of removal, in accordance with 28 U.S.C. Section 1441(a).

33. Therefore, Plaintiff and Defendant are citizens of different States.

34. <u>Amount in Controversy</u>. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

35. The standard for determining whether Defendant meets its burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009)

(quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

36. Defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

37. Without admitting the validity of Plaintiff's five (5) causes of action (all of which are expressly denied by Defendant), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Defendant meets its burden based on the following:

38. <u>Facially Apparent Allegations in Complaint</u>. When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The removing defendant can show that the amount in controversy is satisfied by showing that the "facially apparent" allegations in the complaint demonstrate the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Dourian v. Stryker Corp.*, 2012 WL 12893752, *1 (C.D. Cal. 2012).

39. In Plaintiff's Prayer for Judgment, Plaintiff seeks judgment against Defendant in favor of Plaintiff in the amount of $550,000. *See* Prayer for Judgment in Complaint ¶¶ 1-6. Thus, the "facially apparent" allegations in Plaintiff's complaint far exceed the amount in controversy requirement.

40. <u>Plaintiff's Waiting Time Claim</u>. Plaintiff's Third Cause of Action is for Violation of California Labor Code Section 203. Section 203 provides that willful failure to pay wages when due entitles the employee to a maximum of thirty day's wages.

41. Plaintiff was paid $575.00 for his single day of work on or about December 15, 2018 on "NBC Sports Motorcross Media Day." *See* Ragsac Decl. ¶ 7. Plaintiff claims he was paid more than thirty days late. *See* Complaint ¶¶ 7-8. Thus, Plaintiff's Section 203 claim amounts to $17,250.00.

42. <u>Attorneys' Fees</u>. Additionally, Labor Code Sections 226 and other of Plaintiff's wage and hour claims allow for attorneys' fees. Accordingly, those fees may be considered when determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred through resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

43. In wage-related cases under California statutes, fee awards for prevailing plaintiffs can sometimes near the $75,000 amount in controversy requirement for diversity jurisdiction. *See*, *e.g.*, *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1024 (N.D. Cal. 2010) (awarding $50,121.55 in attorneys' fees to plaintiff who recovered $19,384.62 in connection with claim for unpaid sabbatical time); *see also Jones v. CLP Res., Inc.*, Case No. 16-2133, 2016 WL 8950063, at *6 (C.D. Cal. May 23, 2016) (explaining that fees combined with damages in employment cases "likely put the amount in controversy above $75,000" and collecting cases).

44. Indeed, in similar class and representative wage and hour cases, counsel for Plaintiff has made numerous attorneys' fees requests that approached or exceeded $75,000. For example, in a previous case involving similar claims, Plaintiff's counsel requested $74,000 in fees. *See* Luevano Decl. ¶¶ 10-11, Exs. 8-9.

Further, Plaintiff's counsel has been awarded or has requested fees around or exceeding that amount in other similar cases. *See Mancuso v. Tauber*, Case No. 1210360, 2016 WL 7647658, at *11 (C.D. Cal. May 31, 2016) (awarding Plaintiff's counsel $67,619.50); *Taylor v. W. Marine Prod., Inc.*, Case No. 13-04916 WHA, 2015 WL 2452902, at *2 (N.D. Cal. May 21, 2015) (awarding Plaintiff's counsel $108,750); *Gonzalez v. Preferred Freezer Servs. LBF, LLC*, Case No. CV 12-03467, 2013 WL 3931761, at *2 (C.D. Cal. July 29, 2013) (awarding Plaintiff's counsel $135,000); *McDonald v. Airport Terminal Servs., Inc.*, Case No. 11-1946, 2013 WL 12251409, at *10 (C.D. Cal. Nov. 19, 2013) (awarding Plaintiff's counsel $82,500).

45. Thus, Defendant conservatively estimates that Plaintiff's attorneys' fees in this matter are likely to be at least $60,000 if this matter is litigated to trial. *See* Luevano Decl. ¶12.

46. Based upon the foregoing, Plaintiff's demands in his Complaint, his claims under Labor Code Section 203, and his estimated attorneys' fees exceed the jurisdictional minimum of $75,000. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## Venue

47. Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, and this U.S. District Court for the Central District of California Western Division is the U.S. District Court for the district and division within which this action is pending.

48. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of

1  compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the
2  above-entitled Court.
3
4      WHEREFORE, Defendant NBCUniversal Media, LLC respectfully requests
5  that this action be removed from the Superior Court of the State of California for the
6  County of Los Angeles, to the above-entitled Court.
7
8  DATED: September 18, 2019          Respectfully submitted,
9                                     MITCHELL SILBERBERG & KNUPP LLP
                                      EMMA LUEVANO
10                                    STEPHEN A. ROSSI
11
12                                    By: /s/ Emma Luevano
                                          Emma Luevano
13                                        Attorneys for Defendant
                                          NBCUNIVERSAL MEDIA, LLC
14

Mitchell
Silberberg &
Knupp LLP

11407158.2

12

**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S NOTICE OF REMOVAL**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

On September 18, 2019, I served a copy of the foregoing document(s) described as **DEFENDANT NBCUNIVERSAL MEDIA, LLC'S NOTICE OF REMOVAL** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Alan Harris  
Min Ji Gal  
HARRIS & RUBLE  
655 North Central Avenue, 17th Floor  
Glendale, CA 91203  
Tel: (323) 962-3777  
Fax: (323) 962-3004  
Email: harrisa@harrisandruble.com  
mgal@harrisandruble.com

*Attorneys for Plaintiff, James Bo Williams*

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT DELIVERY**: I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with [Name of Carrier] in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 18, 2019, at Los Angeles, California.

_____  
Monica Bowdre

11422531.1